UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Kevin N. Brown,                                  Case No. 3:21-cv-02177

           Plaintiff,

     v.                                        MEMORANDUM OPINION
                                                          AND ORDER

Ohio State University
Richard Ross Hospital, *et al.*,

           Defendants.


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Kevin N. Brown, a prisoner in the Marion Correctional Institution, filed this medical malpractice action against the Ohio State University Richard Ross Hospital, Dr. Mounir J. Haurani, and Dr. Francis Farhadi. (Doc. No. 1). In the Complaint, Plaintiff alleges Defendants committed egregious errors during his back surgery causing them to abandon the procedure and address internal bleeding. He contends he was permanently injured by their negligence and seeks monetary damages.

Drs. Haurani and Farhadi performed surgery on Plaintiff's back on September 3, 2019. The procedure required them to go through Plaintiff's abdomen. During the surgery, one of the Defendants cut a vein, causing extensive bleeding. They stopped the procedure in order to address the hemorrhaging. Plaintiff indicates his left leg began to swell with blood to four times its normal size. Defendants decided to give Plaintiff a fasciotomy to relieve the pressure in his leg.

Plaintiff claims he woke up from anesthesia during this procedure and experienced excruciating pain in his leg. He contends that he saw copious amounts of blood and flesh on the

people around him. He panicked and attempted to get up but was quickly subdued and anesthetized. When he awoke from the surgery, he was told by other doctors that he would require skin grafts from his right leg to cover the wounds left on his left leg. Plaintiff claims he does not know which surgeon cut his vein because the medical records of the procedure were altered. He further claims that the back surgery was never finished. He had two rods and fourteen screws when he went into surgery, but x-rays taken in July 2021 showed only nine screws in his back. He claims the other five screws were removed and not replaced. Plaintiff states he was told by a nurse that the particular procedure used by the surgeons should not be performed below the shoulders. He contends that due to their negligence, he is left to face a lifetime of pain, infection, and blood clots. He seeks five million dollars in damages.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not

required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990).

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a

3

substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff is incarcerated in the Marion Correctional Institution, in Marion, Ohio. He does not list any other address for himself. All of the Defendants are listed as employees of the Ohio State University Hospital. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the Plaintiff and Defendants are all citizens of Ohio, therefore federal subject matter jurisdiction here cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows a court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law, or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

4

Indeed, this standard of liberal construction "requires active interpretation ... to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case.

Plaintiff asserts that the Defendants were negligent in performing his surgery. Negligence is a cause of action which arises under state tort law. It does not support the existence of federal question jurisdiction. *Veljkovic v. First Energy Co.*, No. 1:07 CV 1991, 2007 WL 2409716, at *2 (N.D. Ohio Aug. 20, 2007). Plaintiff does not assert any other cause of action in his Complaint.

On the Civil Cover Sheet filed with his Complaint, Plaintiff lists 42 U.S.C. § 1983 as the basis for his cause of action. Claims asserted under § 1983 require Plaintiff to allege and prove he was deprived of a constitution right. Injuries caused by negligence, however, do not constitute a deprivation of a constitutionally-protected interest. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (finding allegations of negligent conduct will not state a claim under the Eighth Amendment); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Plaintiff's Complaint fails to identify a plausible federal claim to establish federal court subject matter jurisdiction. The only viable claim is one for medical malpractice. This Court lacks subject matter jurisdiction over that claim.

**CONCLUSION**

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to establish federal court jurisdiction. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, I deny Plaintiff's motions to amend his complaint, (Doc. Nos. 3 and 7), because his proposed amendments do not create a basis for subject matter jurisdiction. I also deny his motion for summary judgment, (Doc. No. 4), and his motion for appointment of counsel, (Doc. No. 5), as moot.

Finally, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

                                              s/ Jeffrey J. Helmick
                                              United States District Judge